IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| **CURTIS TURNER, Individually and on Behalf of All Others,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**TRANSFORCE, INC.,**<br><br>        **Defendant.** | Case No. 5:22-cv-06111<br><br>Removed from the District Court of Clinton County, Missouri<br>Case No.: 22CN-CC00050 |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant TransForce, Inc. ("Defendant"), hereby removes to the United States District Court for the Western District of Missouri, the action styled *Curtis Turner, Individually and on Behalf of All Others v. TransForce, Inc.*, Case No. 22CN-CC00050, currently pending in the Circuit Court of Clinton County, Missouri. As grounds for removal, Defendant states as follows:

### STATE COURT ACTION AND TIMELINESS OF REMOVAL

1. Plaintiff Curtis Turner ("Plaintiff") commenced the above-referenced action in the Circuit Court of Clinton County, Missouri by filing his Petition on September 7, 2021, in the case styled *Curtis Turner, Individually and on Behalf of All Others v. TransForce, Inc.*, Case No. 22CN-CC00050. Plaintiff then served Defendant with a Summons and Petition on September 16, 2022.

2. Plaintiff's Petition alleges four causes of action against Defendant. Counts I, III and IV allege violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"); Count II alleges a breach of contract claim.

3. As required under 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that Plaintiff served on Defendant is attached as **Exhibit A**. A copy of the Clinton County, Missouri Circuit Court file is attached as **Exhibit B**.

4. Under §§ 1441 and 1446, a defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1). Since Defendant was served on September 16, 2022, Defendant is timely filing this Notice of Removal within 30 days of service.

5. Defendant is the sole named defendant, and there are no other defendants who have been properly joined or served in this action as of the date Defendant is filing this Notice of Removal. Accordingly, all defendants in this action consent to the timely removal of the action to this Court. 28 U.S.C. § 1446(b)(2)(A)-(2)(B).

**FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION**

6. This action is one over which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one that Defendant may remove pursuant to 28 U.S.C. sections 1441 and 1446, in that it arises under the laws of the United States.

7. In the Petition, Plaintiff alleges three causes of action under the FCRA. (*See* Pl.'s Pet. generally, and at ¶¶ 62-75, 83-112). In asserting a claim against Defendant for violations of the FCRA, the Petition itself presents questions of federal law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

8. The United States District Court for the Western District of Missouri has original subject matter jurisdiction over this case under 28 U.S.C. § 1331 because this case arises under a federal law, namely the FCRA.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining claim for breach of contract because that claim arises from the "same case or controversy" as Plaintiff's FCRA claim. (*See* Pl.'s Pet. generally, and at ¶¶ 76-104). Notably, the breach of contract claim arises out of allegedly improper and unlawful employment-related actions Defendant took based, in whole or in part, on consumer reports obtained about Plaintiff and the putative class members without complying with the adverse action requirements of the FCRA. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

10. Plaintiff's and the putative class members' FCRA and state law claims are part of the same case or controversy because they derive from a common nucleus of operative fact. *Exxon Mobil Corp. v. Allapattah Services, Inc*. (2005) 545 U.S. 546, 588 (2005) (noting district courts may adjudicate state-law claims "deriving from a common nucleus of operative fact" that give rise to a claim under federal law). The Petition alleges that Defendant violated the FCRA's adverse action requirements, certification requirements and permissible purpose limitation. (*See* Pl.'s Pet. generally, and at ¶¶ 62-75, 83-112). Plaintiff also argues that in violating the FCRA's provisions, Defendant breached its contract with a Consumer Reporting Agency, Asurint, that allegedly provided the consumer report about Plaintiff; that Plaintiff and putative class members are third-party beneficiaries of the contract Defendant allegedly breached; and that Defendant violated the certification it allegedly made to Asurint to abide by certain requirements in the FCRA. (*See* Pl.'s Pet. generally, and at ¶¶ 76-104).

11. By the plain reading of Plaintiff's Petition, his claims and the claims of the putative class members derive from a common nucleus of operative fact and are part of the same case or

controversy. Thus, under the plain meaning of section 1367(a), this Court may exercise supplemental jurisdiction over the state law claims alleged in the Petition.

**DEFENDANT HAS SATISFIED THE REMAINING REMOVAL REQUIREMENTS**

12. In accordance with 28 U.S.C. section 1441(a) and Local Rule 3.1, this notice of removal is filed in the district court of the United States in which the action is currently pending. The Circuit Court of Clinton County, Missouri is located within the U.S. District Court for the Western District of Missouri. Therefore, removal to this Court is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice to all parties of the filing this Notice of Removal, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Clinton County, Missouri.

14. In accordance with Federal Rule of Civil Procedure 7.1 and Local Rule 7.1, Defendant concurrently files its Corporate Disclosure Statement.

15. In the event this Court has any question regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal and address the Court's questions or concern.

WHEREFORE, Defendant respectfully requests that this Court assume control over this action as this action is properly removed on the grounds of federal question and supplemental jurisdiction.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Justin M. Dean
Justin M. Dean     MO #48647
4520 Main Street, Suite 400
Kansas City, MO 64111
816.471.1301
816.471.1303 (*Facsimile*)
justin.dean@ogletree.com

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 14, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was sent by email to the following:

C. Jason Brown     MO #49952
Jayson A. Watkins     MO #61434
BROWN & WATKINS LLC
301 S. US 169 Hwy.
Gower, MO 64454
816.505.4529
816.424.1337 (Facsimile)
brown@brownandwatkins.com
watkins@brownandwatkins.com

**ATTORNEY FOR PLAINTIFF**

/s/ Justin M. Dean
**ATTORNEY FOR DEFENDANT**